United States District Court
Southern District of Texas
**ENTERED**
August 28, 2025
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| STEVEN RAY ROBERTSON,<br>TDCJ # 00287929, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-2408 |
| | § | |
| ERIC GUERRERO, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

The petitioner, Steven Ray Robertson, is an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ).[1] Robertson brings this habeas action under 28 U.S.C. § 2254 to challenge a parole revocation. The respondent filed an answer (Dkt. 60), along with a copy of the state-court records (Dkt. 59), and Robertson responded (Dkt. 62). Robertson also filed a motion to appoint counsel (Dkt. 61), a motion for summary judgment seeking judgment in his favor (Dkt. 63), and a motion to expedite these proceedings (Dkt. 64). Having considered the pleadings, the briefing, the applicable law, and all matters of record, the Court will **dismiss** the petition and **deny** Robertson's motion for summary judgment for the reasons explained below. His other motions will be **denied as moot**.

---

[1] Bobby Lumpkin previously was the named respondent in this action. Eric Guerrero has succeeded Lumpkin as Director of TDCJ. Under Rule 25(d) of the Federal Rules of Civil Procedure, Guerrero is automatically substituted as a party.

## I.    <u>BACKGROUND</u>

Robertson is serving a life sentence in TDCJ based on a 1979 conviction in Harris County for aggravated robbery, enhanced, in Cause No. 281541 (Dkt. 59-1, at 74; s*ee* Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Aug. 27, 2025).  In this habeas action, he does not challenge his conviction, but rather alleges violations of his rights during revocation proceedings before the Board of Pardons and Paroles (Board).  Robertson initiated this proceeding in March 2023 in the Eastern District of Texas, filing a petition (Dkt. 1), an amended petition (Dkt. 6), and a second amended petition (Dkt. 40).  On June 11, 2024, the court in the Eastern District of Texas transferred the case to this Court (Dkt. 42), and this Court instructed the respondent to answer.

In May 2024, after initiating this federal action, Robertson filed an application for state habeas relief challenging his parole revocation and raising seven grounds for relief (Dkt. 59-1, at 5-22) (WR-10,254-05).  On June 5, 2024, the trial court recommended denial of habeas relief (Dkt. 59-1, at 43-45).  On July 31, 2024, the Court of Criminal Appeals construed the writ as raising a due process claim and remanded for relevant findings (Dkt. 59-3).  On remand, the trial court obtained relevant records and affidavits from Lauren Montgomery, Section Director for Review and Release Processing for TDCJ's parole division, and Charley Valdez, Program Supervisor V for TDCJ's classifications and records department.  *See* Dkt. 59-4, at 18-23 (Montgomery Affidavit); *id*. at 188-91 (Valdez Affidavit).  On September 23, 2024, the court entered findings of fact and conclusions of law (*id*. at 370-77) recommending denial of relief.  On October 30, 2024, the Court of

Criminal Appeals denied habeas relief without written order on the findings of the trial court and the court's independent review of the record (Dkt. 59-6).

The record in this action includes the Montgomery affidavit, executed on September 5, 2024. Montgomery stated that Robertson was convicted in Harris County in Cause No. 281541 in 1979 and sentenced to life in prison; that he was released to supervision on February 23, 2010; that the Board revoked his supervision on August 10, 2023; and that, at the time of her affidavit, he was in TDCJ custody serving the remainder of his life sentence (Dkt. 59-4, at 19). Montgomery then responded to specific questions posed by the state habeas court and provided the following information, with supporting exhibits:

- During the revocation process, authorities informed Robertson in writing of the accusations against him, and Robertson signed the notice on March 3, 2023, to demonstrate his receipt (*id*. at 46; *see id*. at 25 (notice signed June 14, 2023)). Robertson's alleged violations were failing to identify himself to police, possession of a controlled substance, failure to participate in sex offender treatment, failure to submit to a polygraph, and failure to pay supervision fees. At a preliminary hearing on March 22, 2023, the hearing officer sustained each of the allegations and decided that Robertson's case would to proceed to a revocation hearing (*id*. at 30-32).

- At Robertson's revocation hearing on July 28, 2023, appointed counsel appeared for Robertson. Montgomery states that Robertson "entered the room of the hearing yelling and stating he will not have an attorney represent him" and "made derogatory statements and continued yelling at the hearing officer" (*id*. at 21). Robertson's counsel therefore asked for Robertson to be removed so that the hearing could be conducted, and six detention officers removed him (*id*. at 102).

- Regarding Robertson's allegation that he had been denied compulsory process of witnesses, subpoena ability, and the right to confront and cross-examine witnesses in person, Montgomery stated that Robertson had been removed from the hearing "due to his behavior" and at the request of his counsel, but was "nevertheless represented by counsel" (*id*. at 21 (citing *id*. at 102)).

- Regarding Robertson's allegation that the Board had refused to allow him to enter testimony into the record, Montgomery stated that Robertson had been removed from the hearing but that the Board had considered his testimony from the preliminary hearing (*id*. at 100-110).

- Based on evidence presented at the revocation hearing, the Board sustained violations by Robertson, in particular, failure to identify himself to police (Rule 2), possession of a controlled substance (Rule 2), failure to participate in sex offender treatment (Rule 8X), and failure to pay supervision fees (Rule 9C) (*id*. at 96-99).

- The Board of voted to revoke Robertson's parole on August 10, 2023 (*id*. at 98). The next day, Robertson signed a receipt for the results of the hearing (*id*. at 184).

(Dkt. 59-4, at 20-22).

The state habeas record also contains a certificate of parole demonstrating that Robertson agreed, when he accepted his release to parole in 2010, that his release was subject to enumerated conditions and could be revoked for "a violation or refusal to comply with any of the conditions of supervision" (Dkt. 59-4, at 52 (certificate of parole signed by Robertson on Feb. 23, 2010)).

In his federal habeas petition, Robertson brings ten claims for relief:

1. The respondent violated the Supremacy Clause and Separation of Powers Clause during revocation proceedings;

2. The rules and guidelines regarding parole are unconstitutionally vague and ambiguous;

3. The respondent's implementation of parole rules is *ultra vires* of the Texas Administrative Procedures Act and the federal and state constitutions;

4. The respondent enforces parole rules in an arbitrary and capricious manner;

5. The respondent violated his Fourth Amendment right to privacy and to be free from warrantless search and seizures;

6.  The respondent violated his Eighth Amendment rights in connection with denial of bond;

7.  The respondent violated his Sixth Amendment rights during parole revocation proceedings when officials refused to inform him of the nature and cause of the charges against him, to allow to him represent himself, to confront and cross-examine witnesses, to compel testimony on his behalf, or to issue subpoenas;

8.  The respondent lacked jurisdiction, standing, and authority to act against him;

9.  The respondent violated his Fourth and Fourteenth Amendment rights in connection with the law and the rules regarding parole;

10. The respondent violated his rights under the Texas Constitution.

(Dkt. 40, at 5-16).

## II.  LEGAL STANDARDS
### A.  *Pro Se* Pleadings

Federal courts do not hold *pro se* habeas petitions "to the same stringent and rigorous standards as . . . pleadings filed by lawyers." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011) (cleaned up). "The filings of a federal habeas petitioner who is proceeding *pro se* are entitled to the benefit of liberal construction." *Id.*

### B.  The Anti-Terrorism and Effective Death Penalty Act

This federal petition for habeas corpus relief is governed by the applicable provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA). *See Woodford v. Garceau*, 538 U.S. 202, 205-08 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under AEDPA, federal habeas relief based upon claims that were adjudicated on the merits by the state courts cannot be granted unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as

determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Early v. Packer*, 537 U.S. 3, 7-8 (2002); *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Ylst v. Nunnemaker*, 510 U.S. 797, 803 (1991); *see Wilson v. Sellers*, 584 U.S. 122, 125 (2018); *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. 86, 98 (2011); *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). To merit relief under AEDPA, a petitioner may not merely show legal error in the state court's decision. *White v. Woodall*, 572 U.S. 415, 419 (2014) (stating being "merely wrong" or in "clear error" will not suffice federal relief under AEDPA). AEDPA review exists only to "guard against extreme malfunctions in the state criminal justice systems." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (cleaned up). "[F]ocus[ing] on what a state court knew and did," *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011), AEDPA requires inmates to "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woodall*, 572 U.S. at 419-20 (quoting *Richter*, 562 U.S. at 103). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

For questions of law or mixed questions of law and fact adjudicated on the merits in state court, this court may grant habeas relief under 28 U.S.C. § 2254(d)(1) only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court precedent. *See Kittelson v. Dretke*, 426 F.3d 306, 318 (5th Cir. 2005). Under the "contrary to" clause, a petitioner must show that the state court reached "a legal conclusion in direct conflict with a prior decision of the Supreme Court or if it reaches a different conclusion than the Supreme Court on materially indistinguishable facts." *Matamoros v. Stephens*, 783 F.3d 212, 215 (5th Cir. 2015) (cleaned up). To constitute an "unreasonable application" of clearly established federal law, the state court's determination "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *Woods*, 575 U.S. at 316 (cleaned up).

On factual issues, AEDPA precludes federal habeas relief unless the state court's adjudication of the merits was based on an "unreasonable determination of the facts in light of the evidence presented in the state court proceeding." *See* 28 U.S.C. § 2254(d)(2); *Martinez v. Caldwell*, 644 F.3d 238, 241-42 (5th Cir. 2011).

Under § 2254(e)(1), factual determinations made by a state court are presumed correct and the petitioner must rebut the presumption by "clear and convincing evidence." Under § 2254(e)(2), a federal court may not hold an evidentiary hearing on any claim for

which the petitioner "failed to develop the factual basis" in state court, unless the petitioner makes a showing including that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

## III.  ANALYSIS

Robertson brings ten grounds for habeas relief and claims that officials violated his rights in connection with his parole revocation proceedings.  His claims arise under 28 U.S.C. § 2254 and are governed by AEDPA.[2]  The respondent argues that Grounds Two and Four are unexhausted and procedurally defaulted and that the remaining claims fail based on the record and the standard of review under § 2254.

### A.  Exhaustion and Procedural Default (Grounds Two and Four)

In Ground Two, Robertson alleges that Texas' parole rules and guidelines are null and void because they are unconstitutionally vague and ambiguous.  He also alleges that the respondent refuses to provide him with a copy of the job description for parole officers, which he states is necessary to show the officers' tasks and their obligation to refrain from constitutional violations (Dkt. 40, at 7).  In Ground Four, he claims that the respondent enforces its rules in an arbitrary and capricious manner because it enforces rules inconsistently and "with no particular rhyme or reason," enabled by the absence of a job

---

[2]    Robertson protests that he did not intend to file his petition under AEDPA and that AEDPA should not apply to because he is a "law abiding citizen" and "not a terrorist" (Dkt. 62, at 1-2). Because Robertson is incarcerated based on a state court judgment against him for aggravated robbery, AEDPA and § 2254 apply to his petition.  *See Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021).

description for parole officers (*id*. at 10).  The state habeas court did not address these claims because Robertson did not present them in his state habeas application.  The respondent argues that these claims are unexhausted and procedurally barred.

AEDPA provides that a federal court may not grant habeas relief from a state conviction unless the petitioner "has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).  The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights."  *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (cleaned up).  Exceptions exist only where there is no available state corrective process or circumstances render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b)(1)(B).  A reviewing court may raise a petitioner's failure to exhaust *sua sponte*.  *See Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To satisfy the exhaustion requirement, a petitioner must "fairly present his legal claim to the highest state court in a procedurally proper manner."  *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (cleaned up).  The federal claim must be the "substantial equivalent" of the claim brought before the state court.  *Young v. Davis*, 835 F.3d 520, 525 (5th Cir. 2016); *see Lucio v. Lumpkin*, 987 F.3d 451, 464 (5th Cir. 2021) ("a state prisoner who does not fairly present a claim to a state habeas court—specifying both the legal and factual basis for the claim—may not raise that claim in a subsequent federal proceeding").  A federal habeas petitioner shall not be deemed to have exhausted the remedies available

in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To exhaust a claim in Texas, a petitioner must present the claim in a procedurally proper manner to the state's highest court of criminal jurisdiction—the Court of Criminal Appeals—by taking one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Court of Criminal Appeals; or (2) he may petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").[3]

As a corollary to exhaustion, the federal procedural default doctrine requires inmates to litigate claims in compliance with state procedural law. *See Dretke v. Haley*, 541 U.S. 386, 392 (2004); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). If a petitioner with an unexhausted claim would be barred from returning to state court by Texas' abuse of the writ doctrine, TEX. CODE CRIM. PROC. art. 11.07 § 4, the claim is barred under the federal procedural default doctrine. *Young*, 835 F.3d at 525; *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). To overcome the default and obtain federal habeas review, a

---

[3]     Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure. *See, e.g., Ex Parte Evans*, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). As with claims pertaining to a criminal trial, a petitioner must file an application for state habeas corpus relief in the court and county in which he was convicted. *See id.*

petitioner must demonstrate either "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that "failure to consider the claims will result in a fundamental miscarriage of justice." *Williams v. Thaler*, 602 F.3d 291, 307 (5th Cir. 2010) (cleaned up). The "fundamental miscarriage of justice" exception to procedural default is limited to cases in which a petitioner demonstrates that a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Garza v. Stephens*, 738 F.3d 669, 675 n.3 (5th Cir. 2013).

In this case, Robertson did not present Grounds Two and Four to the state habeas court (Dkt. 59-1, at 5-22). Therefore, both claims are unexhausted. If Robertson now returned to state habeas court to exhaust these claims, they would be procedurally barred by the abuse of the writ doctrine. *See* TEX. CODE CRIM. PROC. art. 11.07 § 4. Robertson has not alleged or demonstrated cause for the default or prejudice, and thus has not made the required showing to overcome the default. Although he claims innocence regarding violations of the rules governing parolees, he has not made an actual innocence showing and, in any event, has not argued or shown actual innocence of the underlying conviction for which he is incarcerated (Dkt. 62, at 9-10). He thus has not demonstrated a fundamental miscarriage of justice. *See Williams*, 602 F.3d at 307; *Garza*, 738 F.3d at 675 n.3 (requiring a showing that the state court proceedings probably resulted in the conviction of a petition who was actually innocent).[4]

---

[4]    Additionally, although Robertson argues that a petitioner may bypass the state habeas court if he shows "immediate, irreparable, imminent harm and damage by State actors," he cites no legal authority to support his argument and, moreover, has not made the showing he describes. *See* Dkt. 62, at 8-9.

Robertson's claims are defaulted and habeas relief is unavailable.    Therefore, Grounds Two and Four will be dismissed.

**B.    Claims Exhausted in State Habeas Proceedings**

**1.    Ground One (Supremacy Clause and Separation of Powers)**

In Ground One, Robertson alleges that the respondent's powers in the parole revocation process violate the Supremacy Clause and separation-of-powers provisions of the federal Constitution because the Board of Pardons and Paroles drafts its own rules, adjudicates its rules in a "non-judicial administrative hearing presided over by an unelected non-judicial officer," and enforces its decisions (Dkt. 40, at 5). The respondent argues that this claim is conclusory, not cognizable on habeas review, and lacks merit.

Robertson's claim identifies no facts supporting his claim (*id*. at 5-7).  His response argues that agencies such as the Board may only enforce laws enacted by Congress and "may no longer interpret their own application of a law/rule" but, again, provides no supporting facts (Dkt. 62, at 13-14) (citing *Loper Bright Enterpr. v. Raimondo*, 603 U.S. 369 (2024)).  Therefore, his claim is subject to dismissal as conclusory.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982) ("Mere conclusory statements do not raise a constitutional issue in a habeas case"); *see* Rules Governing § 2254 Cases, Habeas Rule 2(c), 28 U.S.C. foll. § 2254 (requiring a petitioner to state the facts supporting each ground for relief).

Additionally, the separation-of-powers doctrine has not been enforced against the states.  *See Shelton v. City of College Station*, 780 F.2d 475, 481 n. 2 (5th Cir.1986); *Clark v. Owens*, No. CV CC-07-351, 2008 WL 11419042, at *1 (S.D. Tex. Apr. 29, 2008), *aff'd,*

371 F. App'x 553 (5th Cir. 2010).  To the extent Robertson relies on the Texas Constitution, the violation of state rights does not create a basis for federal habeas relief.  *See* 28 U.S.C. § 2254(d)(1) (referring to clearly established federal law); *Bigby v. Dretke*, 402 F.3d 551, 574 (5th Cir. 2005 ("violations of state law are not generally cognizable on habeas review unless the error renders the trial as a whole fundamentally unfair"); *Rault v. Butler*, 826 F.2d 299, 302 n. 1 (5th Cir.1987).  Therefore, his separation-of-powers claim is not cognizable on federal habeas.

Finally, Robertson raised these claims in state habeas and the Court of Criminal Appeals denied relief.  Robertson does not demonstrate that the state habeas court's decision was contrary to or an unreasonable application of clearly established federal law, nor that the decision involved an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).  This habeas claim thus will be denied.

### 2.     Ground Three (Parole Board Rules)

In Ground Three, Robertson alleges that the rules governing parole are *ultra vires* of the Texas Administrative Procedures Act, the Texas Constitution, and the federal Constitution.  He alleges that the rules are "imposed and enforced outside the limits of their Congressional authority" because "Congress has ZERO AUTHORITY to grant anyone power to violate law and/or to commit crimes (*i.e.*, torts) against living men and women" (Dkt. 40, at 8).

The respondent argues that Robertson has not met his burden under 28 U.S.C. § 2254(d) because he cites to no supporting facts.  *See Schlang*, 691 F.2d at 799; Habeas Rule 2(c).  In response, Robertson states that the respondent's agents "currently have him

in prison even though he has committed no crime" and that the respondent has "no valid contract to enforce against [him] and has resorted to using unconstitutional bills of attainder/ex post facto laws (masquerading as 'rules') to punish [him] as a 'wrong-doer' simply because [he] free exercised his God-given rights and privileges" (Dkt. 62, at 15). He argues that the APA prohibits rules that are unconstitutional, vague, or *ultra vires*, and that the Board of Pardons and Paroles' action in his case meet those conditions (*id.*).

The Supreme Court has held that revocation of parole deprives the individual of conditional liberty, not absolute liberty. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) ("Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions"). Here, the state habeas court found that Robertson is not in TDCJ custody based on a contract, but rather based on an aggravated robbery conviction (Dkt. 59-4, at 370). It also found that the Board of Pardons and Paroles revoked his parole based on several violations of his parole conditions, in particular, giving false or fictitious information to a police officer, possessing a controlled substance, failing to participate in sex offender treatment, and failing to pay supervision fees (*id.* at 373-74). In other words, the Board deprived Robertson only of the "conditional liberty" of his release to parole. *See Morrissey*, 408 U.S. at 480.

Robertson's allegations in this Court do not demonstrate that the state habeas court's denial of relief on this claim involved an unreasonable determination of the facts, was contrary to clearly established federal law, or unreasonably applied clearly established federal law. *See* 28 U.S.C. § 2254(d). Therefore, his habeas claim must be denied.

### 3.    Ground Five (Fourth Amendment)

In Ground Five, Robertson alleges that the respondent violated his Fourth Amendment rights when arresting and restraining him while he was released on supervision (Dkt. 40, at 11 (alleging that respondent has "kidnapped" him seven times by arresting and restraining him without a warrant based on probable cause)). As above, Robertson argues that he was not charged with commission of a crime but merely with violation of a civil rule (*id.*; *see* Dkt. 62, at 5).

Full Fourth Amendment protections do not apply to proceedings related to the revocation of parole. *Morrissey*, 408 U.S. at 480 ("[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations"); *see Villegas v. Stephens*, No. H-07-4483, 2014 WL 3966378, at *14 (S.D. Tex. Aug. 8, 2014). In any event, even when an alleged Fourth Amendment violation occurred at trial, where such protections are in effect, federal habeas relief is not available for a claim that evidence used at trial was obtained pursuant to an unconstitutional search or seizure if the state "provided an opportunity for full and fair litigation of a Fourth Amendment claim." *Stone v. Powell*, 428 U.S. 465, 494 (1976). In this case, Robertson raised his Fourth Amendment claim in state habeas proceedings (Dkt. 59-1, at 14-15). The state trial court denied relief (Dkt. 59-1, at 43-45), and the Court of Criminal Appeals remanded for consideration of the claim as alleging a due process violation. On remand, the trial court found that Robertson's revocation proceedings satisfied due process (Dkt. 59-4, at 374), and the Court of Criminal Appeals then denied relief (Dkt. 59-6).

Robertson's allegations regarding Ground Five do not demonstrate that the state habeas court's denial of relief on this claim involved an unreasonable determination of the facts, was contrary to clearly established federal law, or unreasonably applied clearly established federal law.   *See* 28 U.S.C. § 2254(d).   His habeas claim therefore will be denied.

### 4.    Ground Six (Eighth Amendment)

In Ground Six, Robertson claims that the respondent violated his Eighth Amendment rights when he was denied his right to bail or bond during revocation proceedings (Dkt. 40, at 12) (alleging that respondent kidnapped him on March 3, 2023,[5] and denied him bond based on "implementation of its civil rules, even though [he] had been charged with commission of no crime").   He alleges that officials denied him bond based on "bills of attainder" and "Ex Post Facto laws masquerading as civil parole rules" (*id.*).   In the same claim, he alleges that his current confinement in TDCJ involves living conditions that amount to cruel and unusual punishment (*id.*; *see* Dkt. 62, at 5, 7 (arguing that he was falsely arrested an imprisoned, was denied bond or bail, is languishing in prison, and is serving an indefinite prison sentence despite having violated no laws)).

Robertson does not identify specific laws that were imposed *ex post facto*. Moreover, application of parole statutes that are new at the time of a revocation proceeding does not offend the Ex Post Facto Clause of the Constitution.   *Portley v. Grossman*, 444

---

[5]     The state habeas court found that Robertson's arrest warrant was executed on March 3, 2023 (Dkt. 59-4, at 372).

U.S. 1311, 1312-13 (1980).  Additionally, because Robertson is no longer in custody based on a denial of bond, but rather due to the revocation of his parole after a hearing, his argument regarding bond is moot.  *See Fowler v. Anderson*, No. 4:02-CV-0333-A, 2002 WL 31045974, at *3 (N.D. Tex. Sept. 10, 2002) (citing *Ortez v. Chandler,* 845 F.2d 573, 575 (5th Cir.1988); *United States v. O'Shaughnessy,* 772 F.2d 112, 113 (5th Cir.1985)). Therefore, his claim will be denied.

To the extent Robertson seeks to bring a claim that the conditions of his confinement violate the Eighth Amendment, his claim would properly be brought as a civil-rights claim under 42 U.S.C. § 1983, and not as a habeas corpus claim.  *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025); *Poree v. Collins*, 866 F.3d 235, 242-43 (5th Cir. 2017). Robertson may, if warranted, bring a separate civil-rights action raising this claim.

Because Robertson's allegations regarding Ground Six do not demonstrate that the state habeas court's decision meets the standards of § 2254(d) justifying habeas relief, his claim will be denied.

### 5.    Ground Seven (Sixth Amendment)

In Ground Seven, Robertson claims that the respondent violated his Sixth Amendment rights when officials refused to inform him of the nature and cause of the charges against him, making it "impossible for [him] to defend himself against their allegations" (Dkt. 40, at 13).  He also alleges that officials refused to allow to him represent himself in revocation proceedings, to confront and cross-examine witnesses, to compel testimony on his behalf or to issue subpoenas.  He claims that his appointed attorney was openly hostile and sabotaged his case (*id*.).

Robertson raised this claim on state habeas, citing the Sixth Amendment (Dkt. 59-1, at 16-17). The state trial court denied relief (Dkt. 59-1, at 43-45) and, after Court of Criminal Appeals remanded for consideration a due process violation, found that the proceedings satisfied due process (Dkt. 59-4, at 374).

To the extent Robertson's federal claim arises under the Sixth Amendment, the full panoply of constitutional rights afforded to a criminal defendant does not apply to parole revocation proceedings. *See Morrissey*, 408 U.S. at 480; *Powell v. Cooper*, 595 F. App'x 392, 394 n.1 (5th Cir. 2014) (the petitioner's confrontation rights at his revocation hearing stemmed from the Due Process Claus, not the Sixth Amendment). Robertson cites no authority demonstrating that the Sixth Amendment affords him a basis for habeas relief (Dkt. 62, at 11-13).

To the extent Robertson brings his claim under the Due Process Claim, as construed by the Court of Criminal Appeals, the Fourteenth Amendment requires the following due-process protections:

> (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.

*Morrissey*, 408 U.S. at 489. In Robertson's state habeas proceedings, the court determined that Robertson received due process under *Morrissey*, relying on the Montgomery and Valdez affidavits after finding both credible (Dkt. 59-4, at 372-75). The court specifically

found that Robertson was informed of the allegations against him; was notified of his rights, including his rights to be heard, present evidence, and confront adverse witnesses; was removed from the hearing because of his disruptive behavior; and was represented by appointed counsel at the hearing before and after his removal.  The court's determination was supported by notices of alleged parole violations and other documents in the state habeas record (*id*. at 25, 46 (Rights of Offender in the Revocation Process, signed by Robertson on Mar. 3, 2023, and June 14, 2023); *id*. at 26-28 (notice of alleged violations of release, signed by Robertson on June 14, 2023); *id*. at 102 (hearing record reciting reasons for removal of Robertson from the hearing).

Robertson's arguments and objections in his response (Dkt. 62, at 11-13) do not meet his burden to demonstrate that the Court of Criminal Appeals' denial of habeas relief on this claim involved an unreasonable determination of the facts or an unreasonable application of clearly established federal law.  *See* 28 U.S.C. § 2254(d).  Therefore, his habeas claim must be denied.

### 6.    Ground Eight (Jurisdiction)

In Ground Eight, Robertson claims that the respondent lacked jurisdiction, authority, and standing to "move against" him in parole revocation proceedings because the respondent "has not entered into evidence an affidavit of criminal complaint by a harmed/injured party, which forms the sole basis for [in] personam and subject matter jurisdiction" (Dkt. 40, at 14).  He further argues that respondent also has not presented evidence of a civil contract with Robertson under which Robertson is liable for violations of civil rules regarding parole (*id*.; *see* Dkt. 62, at 2).

Robertson's assertion that signed certificate is not a "valid contract" does not entitled him to habeas relief because, as stated above, the state habeas court determined that he is in TDCJ custody based on his 1979 conviction and not based on a contract violation.   To the extent Robertson bases his claim on an argument that a criminal complaint was required to revoke his parole, his claim must fail.  *See Morrissey*, 408 U.S. at 480 (revocation deprives an individual only of "the conditional liberty properly dependent on observance of special parole restrictions").  Additionally, the record in this case contains evidence that Robertson agreed, when he accepted his release to parole, that his release was subject to enumerated conditions and could be revoked for "a violation or refusal to comply with any of the conditions of supervision" (Dkt. 59-4, at 52 (certificate of parole signed by Robertson on Feb. 23, 2010)).

Moreover, because Robertson has not demonstrated that the state habeas court's denial of relief was contrary to clearly established federal law or otherwise satisfies the standards of 28 U.S.C. § 2254(d), habeas relief will be denied.

### 7.    Ground Nine (Parole Board Rules)

In Ground Nine, Robertson claims that the respondent violated his rights to due process and equal protection under the Fifth and Fourteenth Amendments through the Board of Pardons and Paroles' "impermissible misapplication of [its] arbitrarily-imposed, vague, and ultra vires acts" when the Board "fail[ed] to comply with their own rules and with law" (Dkt. 40, at 16).

Robertson's claim will be dismissed because he provides no facts supporting the claim.  *See* § 2254(d); *Schlang*, 691 F.2d at 799; Habeas Rule 2(c).  Moreover, he does not

demonstrate that the state habeas court's decision was contrary to or an unreasonable application of clearly established federal law, nor that the decision involved an unreasonable determination of the facts.  *See* 28 U.S.C. § 2254(d).

### 8.    Ground Ten (Texas Constitution)

In Ground Ten, Robertson claims that the respondent violated the Texas Constitution when officials charged him with failure to pay a monthly fee associated with parole (Dkt. 40, at 16).  The state habeas court denied relief and found, based on the Montgomery affidavit, that Robertson's non-payment of fees was not the sole reason for the revocation of his parole (Dkt. 59-4, at 374).

Robertson's claim must be dismissed because it relies entirely on state law.  A federal writ of habeas corpus "shall not be granted" on a claim adjudicated in state court "unless the adjudication . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established *Federal* law." 28 U.S.C. § 2254(d)(1) (emphasis added); *see Bigby*, 402 F.3d at 574; *Rault*, 826 F.2d at 302 n.1.  Here, Robertson identifies no federal basis for his claim and does not demonstrate that he is entitled to relief under § 2254(d).  His claim therefore will be denied.

### C.    Robertson's Motion for Summary Judgment

Robertson seeks judgment in his favor and argues that, accepting as true all facts as presented by the respondent, he is entitled to judgment as a matter of law on his habeas claims.  He argues that the rules and regulations governing parole in Texas are null and void, that the facts as presented by the respondent demonstrate that Robertson was exercising his inalienable rights and thus committed no wrong, that the respondent has no

standing or authority to use the parole rules, and that he is innocent, among other arguments (Dkt. 63).  For the reasons stated above in the discussion of each claim in Robertson's petition, he has not demonstrated that he is entitled to judgment in his favor.  *See* FED. R. CIV. P. 56; *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).  His motion thus will be denied.

## IV.    <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'"  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El*, 537 U.S. at 336 (cleaned up).  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling" but also that the jurists "would find it

debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong. Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## V.    CONCLUSION AND ORDER

For the reasons stated above, the Court **ORDERS** as follows:

1.  This habeas action filed by Steven Ray Robertson is **DISMISSED with prejudice.**

2.  Robertson's motion for summary judgment (Dkt. 63) is **DENIED**.

3.  All other pending motions are **DENIED as moot**.

4.  A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____August 28_____, 2025.


_George C. Hanks Jr_
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE